IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

KAMRYN DUCKETT,

Plaintiff,

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

Defendant.

Civil Action No. 1:26-cv-01086-AJT-WBP

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Washington Metropolitan Area Transit Authority ("WMATA" or the "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Defenses to the Complaint filed by Plaintiff Kamryn Duckett ("Plaintiff" or "Duckett"). Defendant reserves the right to assert additional defenses and/or counterclaims upon discovery of facts or evidence rendering such appropriate. In response to the allegations in the Complaint, and using the same numbering that appears therein, Defendant answers as follows:

In response to the unnumbered paragraph on page 1 of the Complaint, Defendant admits that Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act. Defendant denies the remaining allegations in this unnumbered paragraph, and specifically denies that it violated any provision of Title VII or the Rehabilitation Act.

**NATURE OF THE ACTION**

1. Defendant admits that Plaintiff purports to bring a claim for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and disability discrimination under Section 504 of the Rehabilitation Act. Defendant admits that on January 9, 2025, Plaintiff reported

to a manager that a coworker had grabbed her chin. Defendant denies the remainder of the allegations in Paragraph 1 of the Complaint, and that it engaged in any wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

2. Defendant admits that this Court has federal-question jurisdiction over the claims alleged in Plaintiff's Complaint under Title VII and the Rehabilitation Act. Defendant denies it can be sued in federal court based on diversity jurisdiction.

3. Defendants admit that the Alexandria Division of the United States District Court for the Eastern District of Virginia is the proper venue for this matter.

4. Defendant admits that this Court has personal jurisdiction over Defendant pursuant to the interstate transit authority compact among the District of Columbia, Maryland and Virginia.

5. Defendant admits that Plaintiff filed a Charge of Discrimination on July 8, 2025; an amended Charge on December 24, 2025, and received a Notice of Right to Sue on February 4, 2026.

## PARTIES

6. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentence of Paragraph 8 of the Complaint. Defendant admits that Plaintiff served as a Customer Engagement Representative and Communications Agent from May 28, 2019 through August 5, 2026. Defendant denies the remainder of the allegations in Paragraph 8.

7. The last sentence of Paragraph 9 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the

allegations in the last sentence of Paragraph 9. Defendant admits the remainder of the allegations in Paragraph 9.

## FACTS

### *Plaintiff's Employment and Initial Promotion*

8. Defendant admits that as a Customer Engagement Representative, Plaintiff was responsible for communications and providing current, accurate information to customers in response to inquiries, comments, complaints and suggestions. Defendant denies that Plaintiff was responsible for ensuring safe and efficient operations.

9. Defendant admits that Plaintiff became a Communications Agent for WMATA's Metro Integrated Command and Communications Center (MICC) in Alexandria, Virginia. Defendant denies the remainder of the allegations in Paragraph 11 of the Complaint.

10. Defendant admits that Darryl Richardson was assigned to train Plaintiff during her on-boarding as a Communications Agent. Defendant denies the remainder of the allegations in Paragraph 12 of the Complaint.

11. Defendant denies the allegations in Paragraph 13 of the Complaint.

12. Defendant admits that during the relevant time period, January 9, 2025 to August 5, 2025, Calvin Battle, Assistant Manager Communications was Plaintiff's supervisor. Defendant denies the remainder of the allegations in Paragraph 14 of the Complaint.

### *The Widespread Hostile Work Environment at WMATA*

13. Defendant denies the allegations in Paragraph 15 of the Complaint.

14. Defendant denies the allegations in Paragraph 16 of the Complaint.

15. Defendant denies the allegations in Paragraph 17 of the Complaint.

16. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

17. Defendant denies the allegations in Paragraph 19 of the Complaint.

18. Defendant denies the allegations in Paragraph 20 of the Complaint.

19. The allegations in Paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

***The January 9, 2025 Assault***

20. Defendant denies the allegations in Paragraph 22 of the Complaint.

21. Defendant admits that Mr. Richardson touched Plaintiff's face but denies the remaining allegations in Paragraph 23 of the Complaint.

22. Defendant admits that Mr. Richardson told Plaintiff that he was going to the bathroom and denies the remaining allegations in Paragraph 24 of the Complaint.

***Defendant's Failure to Immediately Investigate, Prevent, or Correct the Harassment***

23. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25 of the Complaint. Defendant denies the remainder of the allegations in Paragraph 25.

24. Defendant denies the allegations in Paragraph 26 of the Complaint.

25. Defendant denies that Mr. Escobar told Plaintiff that he could not take the report and that she would have to report the incident to a female manager. Defendant admits that Plaintiff indicated she did not feel comfortable reporting the incident because she did not want to "make it a thing." Defendant further admits that Mr. Escobar moved his laptop so he could sit at the console next to Plaintiff. Defendant denies the remainder of the allegations in Paragraph 27 of the Complaint.

26. Defendant denies the allegations in Paragraph 28 of the Complaint.

27. Defendant denies the allegations in Paragraph 29 of the Complaint.

28. Defendant admits after Plaintiff told Mr. Escobar that she no longer wanted to remain at work, Mr. Escobar got the Communications Manager, Dawn Ballard. Defendant denies the remainder of the allegations in Paragraph 30 of the Complaint.

29. Defendant denies the allegations in Paragraph 31 of the Complaint.

30. Defendant admits that the Director of MICC Communications Allison Hall King met with Plaintiff, obtained a written statement from Plaintiff and approved Plaintiff leaving work early. Defendant denies the remainder of the allegations in Paragraph 32 of the Complaint.

31. Defendant denies the allegations in Paragraph 33 of the Complaint.

32. Defendant admits the allegations in Paragraph 34 of the Complaint.

33. Defendant admits the allegations in Paragraph 35 of the Complaint.

***WMATA's Continued Failure to Investigate, Prevent and/or Correct and Retaliation Against Plaintiff Because of Her Complaints***

34. Defendant admits that Plaintiff was on paid administrative leave from January 10, 2025 to February 7, 2025. Defendant denies the remainder of the allegations in Paragraph 36 of the Complaint.

35. Defendant admits the allegations in Paragraph 37 of the Complaint.

36. Defendant denies the allegations in Paragraph 38 of the Complaint.

37. Defendant admits that Ms. King informed Plaintiff that she should return to work after her FMLA leave expired,  and further admits that Ms. King told Plaintiff she would not have to interact with Richardson at work. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

38. Defendant denies the allegations in Paragraph 40 of the Complaint.

39. Defendant denies the allegations in Paragraph 41 of the Complaint.

40. Defendant admits the allegations in Paragraph 42 of the Complaint

41. Defendant admits that Plaintiff had an intake interview with OEEO via Teams.

42. Defendant admits the allegations in Paragraph 44 of the Complaint.

43. Defendant admits that as instructed by the Metropolitan Transportation Police Department OEEO investigations are held in abeyance until the disposition of a related criminal case. Defendant denies the remainder of the allegations in Paragraph 45 of the Complaint.

44. Defendant admits that Plaintiff contacted Ms. Hall on March 31, 2025 to inquire about her return-to-work instructions. Defendant denies the remaining allegations in Paragraph 46 of the Complaint.

45. Defendant denies the remaining allegations in Paragraph 47 of the Complaint.

46. Defendant denies the allegations in Paragraph 48 of the Complaint.

***Denial of Promotions or Job Reassignment***

47. Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

48. Defendant denies the allegations in Paragraph 50 of the Complaint.

***Continued Retaliation***

49. Defendant admits the allegations in Paragraph 51 of the Complaint to the extent that Plaintiff was denied court leave in accordance with WMATA's policies. Defendant denies any wrongdoing.

50. Defendant admits that Plaintiff submitted via the OEEO Hotline on May 14, 2025 a report of violations of WMATA's Non-Retaliation and Anti-Bullying & Workplace Violence policies. Defendant denies the remainder of the allegations in Paragraph 52 of the Complaint.

51. Defendant admits the allegations in Paragraph 53 of the Complaint to the extent that Plaintiff was informed that she would be reinstated from FMLA leave to her Communications Agent position and Mr. Richardson was to be transferred to a different work location. The remaining allegations in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is required, denied.

52. Defendant denies the allegations in Paragraph 54 of the Complaint.

53. Defendant admits the allegations in Paragraph 56 of the Complaint.

54. Defendant denies the allegations in Paragraph 56 of the Complaint.

55. Defendant admits the allegations in Paragraph 57 of the Complaint.

56. Defendant lacks the knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint regarding Plaintiff's severe emotional distress. Defendant admits the remaining allegations in Paragraph 58 of the Complaint.

***Richardson's Criminal Conviction and WMATA's Continued Failure to Investigate, Prevent and/or Correct the Harassment Leading to Plaintiff's Constructive Termination***

57. Defendant admits the allegations in Paragraph 59 of the Complaint.

58. Defendant admits the allegations in Paragraph 60 of the Complaint.

59. Defendant denies the allegations in Paragraph 61 of the Complaint.

60. Defendant admits the allegations in Paragraph 62 of the Complaint.

61. Defendant denies the allegations in Paragraph 62 of the Complaint.

62. Defendant denies the allegations in Paragraph 64 of the Complaint.

63. Defendant admits the allegations in Paragraph 65 of the Complaint.

64. The allegations in Paragraph 66 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

65. The allegations in Paragraph 67 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

***Richardson was Convicted a Second Time after Appeal, but WMATA Continues to Employ Him***

66. Defendant denies the allegations in Paragraph 68 of the Complaint.

67. Defendant denies the allegations in Paragraph 69 of the Complaint.

68. Defendant admits the allegations in Paragraph 70 of the Complaint.

69. Defendant admits the allegations in Paragraph 71 of the Complaint.

**COUNT I**
**Sexual Harassment, Sex-Based Discrimination and Imposition of a Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e, *et seq.*,**

70. In response to Paragraph 72 of the Complaint, Defendant repeats and incorporates its responses to the allegations asserted in Paragraphs 1 through 71 of the Complaint.

71. The allegations in Paragraph 73 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, admitted.

72. The allegations in Paragraph 74 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

73. The allegations in Paragraph 75 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

74. The allegations in Paragraph 76 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

75. The allegations in Paragraph 77 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

76. The allegations in Paragraph 78 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

Count I of the Complaint contains a "**WHEREFORE**" clause immediately after Paragraph 78 of the Complaint, but because that clause does not contain any factual allegations, no response is required. To the extent any response is required, Defendant denies Plaintiff is entitled to compensatory damages, judgment in her favor, attorneys' fees, equitable relief or any other form of relief.

**COUNT II**
**Retaliation in violation of the Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e-3 (a), *et seq.***

77. In response to Paragraph 79 of the Complaint, Defendant repeats and incorporates its responses to the allegations asserted in Paragraph 1 through 71 of the Complaint.

78. Defendant admits the allegations in Paragraph 80 of the Complaint.

79. The allegations in Paragraph 81 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, admitted.

80. The allegations in Paragraph 82 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies that filing a police report is protected activity under Title VII.

81. The allegations in Paragraph 83 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

82. The allegations in Paragraph 84 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

83. The allegations in Paragraph 85 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

84. The allegations in Paragraph 86 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

85. The allegations in Paragraph 87 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

Count II of the Complaint contains a "**WHEREFORE**" clause immediately after Paragraph 87 of the Complaint, but because that clause does not contain any factual allegations, no response is required. To the extent any response is required, Defendant denies Plaintiff is entitled to compensatory damages, judgment in her favor, attorneys' fees, equitable relief, or any other form of relief.

**COUNT III**
**Disability Discrimination / Failure to Accommodate in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a)(d).**

86. In response to Paragraph 88 of the Complaint, Defendant repeats and incorporates its responses to the allegations asserted in Paragraphs 1 through 71 of the Complaint.

87. The allegations in Paragraph 89 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

88. The allegations in Paragraph 90 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

89. The allegations in Paragraph 91 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

90. The allegations in Paragraph 92 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

91. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 93 of the Complaint. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, denied.

92. The allegations in Paragraph 94 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

93. The allegations in Paragraph 95 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

94. Defendant denies the allegations in Paragraph 96 of the Complaint.

95. Defendant denies the allegations in Paragraph 97 of the Complaint.

96. The allegations in Paragraph 98 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

97. Defendant denies the allegations in Paragraph 99 of the Complaint.

98. The allegations in Paragraph 100 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

99. Defendant denies the allegations in Paragraph 101 of the Complaint.

100. The allegations in Paragraph 102 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

101. The allegations in Paragraph 103 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

102. The allegations in Paragraph 104 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, denied.

Count III of the Complaint contains a "**WHEREFORE**" clause immediately after Paragraph 104 of the Complaint, but because that clause does not contain any factual allegations, no response is required. To the extent any response is required, Defendant denies Plaintiff is entitled to compensatory damages, punitive damages, judgment in her favor, attorneys' fees, equitable relief or any other form of relief.

**AFFIRMATIVE AND OTHER DEFENSES**

As separate and distinct affirmative and other defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

**FIRST DEFENSE**

Plaintiff's claims are barred to the extent they fail to state a upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred to the extent she has failed to exhaust administrative remedies.

**THIRD DEFENSE**

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**FOURTH DEFENSE**

Defendant's actions with respect to Plaintiff's employment were based on legitimate and non-discriminatory business reasons.

**FIFTH DEFENSE**

Plaintiff's claims for damages are barred on the grounds that, even if any decision concerning Plaintiff's employment was based, in part, on unlawful grounds (which Defendant denies), the same action would have been taken in the absence of any unlawful motivating factor.

**SIXTH DEFENSE**

Defendant acted at all times in good faith and consistently maintained, implemented, and enforced policies in the workplace prohibiting discrimination and retaliation.

**SEVENTH DEFENSE**

Defendant has made good faith efforts to prevent discrimination and retaliation in its workplace, and thus, cannot be liable for the decisions of it agents to the extent the challenged

employment decisions were contrary to its efforts to comply with any laws prohibiting discrimination or retaliation.

**EIGHTH DEFENSE**

Plaintiff's claims are barred to the extent that if any employee of Defendant acted in a manner that violated Plaintiff's rights and/or caused her harm, any such actions were committed outside the scope or curse of employment and without Defendant's consent, knowledge, or ratification.

**NINTH DEFENSE**

Plaintiff is not entitled to recover damages to the extent her alleged injuries were caused, in whole or in part, by her own conduct.

**TENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages because of any alleged unlawful conduct by Defendant, Defendant is entitled to offset any damages to the extent Plaintiff has failed to mitigate her damages.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred to the extent that Defendant had legitimate, non-retaliatory reasons for its employment decisions.

**TWELFTH DEFENSE**

Plaintiff's retaliation claim is barred to the extent that she cannot show that any protected activity was the "but-for" cause of Defendant's employment decisions.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred to the extent that Defendant engaged in the interactive process and provided a reasonable accommodation.

**FOURTEENTH DEFENSE**

Plaintiff's hostile work environment claims are barred to the extent that Defendant did not

know or have reason to know that Darryl Richardson was engaged in conduct in violation of Title VII.

WHEREFORE, Defendant prays that Plaintiff take nothing herein, and that Defendant have judgment for its costs and for such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: May 18, 2026

Respectfully submitted,

*/s/ Alexis Bosilovic*

Alexis Bosilovic, Bar No. 96893
abosilovic@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, District of Columbia 20006.4046
Telephone: 202.842.3400
Facsimile: 202.842.0011

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 18th day of May 2026, the undersigned counsel served the foregoing **DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** through the Court's Electronic Case Filing (ECF) system, with a copy sent by first-class mail and email on the following:

Joshua Erlich
The Erlich Law Office, PLLC
jerlich@erlichlawoffice.com
1550 Wilson Blvd., Ste. 700
Arlington, VA 22209

Erika Jacobsen White
JOSEPH, GREENWALD & LAAKE, PA
ewyhite@jgllaw.com
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770

*Attorneys for Plaintiff*

/s/ Alexis Bosilovic
Alexis Bosilovic