**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| KAMRYN DUCKETT,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,<br><br>Defendant. | Civil Action No. 1:26-cv-01086-AJT-WBP |

**JOINT MEET AND CONFER REPORT AND DISCOVERY PLAN**

Plaintiff Kamryn Duckett ("Plaintiff") and Defendant Washington Metropolitan Area Transit Authority ("Defendant"), (collectively, "the Parties"), hereby file their Joint Report and Discovery Plan pursuant to Local Civil Rule 26 and Fed. R. Civ. P. 26(f) following their May 27, 2026 conference via telephone. The Parties set forth below a succinct statement of all agreements reached, a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order.

## A. STATEMENT OF THE CASE AND STATUTORY BASIS FOR ALL CAUSES OF ACTION

**Plaintiff:**

Plaintiff was hired as a Customer Engagement Representative for Defendant WMATA in around May 2019 and was promoted to the position of Communications Agent in around January 2024. During her employment with Defendant, she was subjected to a hostile work environment on the basis of sex by Darryl Richardson, who directed her work, and other male employees, which was often witnessed by Defendant's supervisors.

On January 9, 2025, Richardson cornered Plaintiff, grabbed her forcefully about her face

and made unwanted sexual advances, while Plaintiff was performing her assigned work duties. The assault was captured on camera. Plaintiff immediately reported the assault to her supervisors and filed a written complaint and obtained a temporary restraining order. Richardson was convicted of assault and battery resulting in a two-year restraining order requiring "no contact of any kind" with Plaintiff.

Nonetheless, Defendant failed to separate Richardson to assure Plaintiff's safety and wellbeing, failed to take immediate preventative and corrective action, failed to effectively or otherwise discipline her assailant. Moreover, Defendant failed to provide Plaintiff with reasonable accommodations so that she could safely return to the workplace without being retraumatized by her assailant and retaliated against her for her requests. Additionally, in retaliation for Plaintiff's protected activities, Defendant transferred her to a lesser role with less opportunities for overtime and career advancement and denied Plaintiff transfer and promotional opportunities that she applied for.

Defendant's conduct created and perpetuated a hostile work environment, punished Plaintiff for her protected activity, and — by its outrageous indifference to a known workplace assault—caused Plaintiff severe emotional distress. Moreover, despite Richardson's *conviction* for assault and battery, Defendant's alleged investigation into Plaintiff's complaint resulted in a "no cause" finding. Defendant admits that Richardson remains employed this day. Plaintiff was constructively terminated on August 5, 2025.

Plaintiff brings this civil action against WMATA for sex harassment, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964 and disability discrimination and failure to accommodate under Section 504 of the Rehabilitation Act.

**Defendant:**

Defendant hired Plaintiff in May of 2019 as a Customer Engagement Representative. In 2024, Plaintiff was promoted to the Communications Agent position. Plaintiff alleges that after she assumed her new role, she witnessed and experienced her male coworkers making unwanted sexual comments. Plaintiff further contends that on January 9, 2025, a male colleague sexually assaulted her in the workplace by touching her face. After the alleged incident, Plaintiff made a complaint to a manager, submitted a police report, and was placed on administrative leave. During her leave, Plaintiff also submitted a complaint to WMATA's Office of Equal Employment Opportunity ("OEEO"). Plaintiff alleges that when Defendant required her to return to work at the end of January 2025, requests for accommodations were denied.

Defendant denies that it engaged in any unlawful conduct towards Plaintiff. In light of the police investigation and criminal prosecution of Plaintiff's coworker relating to the alleged assault in January 2025, Defendant initially completed a formal intake of Plaintiff's complaint of sexual harassment and conducted a thorough investigation once the criminal proceedings were completed in June 2025. While the criminal case was pending, in May 2025, Plaintiff alleged that she was subjected to retaliation for filing a police report and cooperating in the related prosecution. OEEO immediately conducted an investigation and determined that the complaint of retaliation was, in most part, unsubstantiated. The ADA Compliance Branch engaged in the interactive process with Plaintiff and determined Plaintiff's Department had provided her an accommodation by offering to reassign her to another position with equal pay and the same terms and conditions when she returned to work from FMLA leave, which began April 9, 2025 and was to expire on October 9, 2025, Because Defendant would not provide Plaintiff her preferred accommodation, Plaintiff refused to return to work. Instead, Plaintiff resigned on August 5, 2025.

Plaintiff brings this Complaint alleging sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and disability discrimination under Section 504 of the Rehabilitation Act. Defendant denies Plaintiff allegations and denies that it engaged in any wrongdoing with respect to her employment.

**DISCOVERY PLAN**

1. Dispositive Motions: Defendant anticipates filing a motion for summary judgment.

2. Deadline for Amending Pleadings and Adding Parties: June 24, 2026.

3. Magistrate Judge: The Parties do not consent to a trial before a Magistrate Judge.

4. Settlement: Plaintiff is willing to participate in a Settlement Conference following Rule 26(a)(1) Initial Disclosures.

5. ADR: The Parties are not open to early mediation.

6. Rule 26(a)(1): The Parties have agreed to make Initial Disclosures required under Rule 26(a)(1) by June 24, 2026.

7. Discovery: The Parties anticipate conducting discovery on subjects related to the issues raised in Plaintiff's Complaint and related issues, which include, but are not limited to: Plaintiff's basis for alleging sex discrimination, disability discrimination, retaliation, and Plaintiff's calculation of damages.

The Parties will engage in written discovery and will take depositions. The Parties will complete all discovery by October 9, 2026. The Parties will be seeking a Protective Order for the purpose of protecting against the disclosure of confidential, proprietary and/or personal information of the parties and will forward it to the Court for execution and entry. In the event the Parties are unable to jointly agree to an appropriate protective order, either Plaintiff or Defendant may move the Court for entry of a protective order. All other discovery matters will be governed

by the applicable rules.

8. ESI: The Parties request that electronically stored information (ESI) produced in discovery, if any, be produced in any reasonably usable form (in accordance with Fed. R. Civ. P. 34(a)(1)(A)) of either text-searchable PDF or single-page, black-and-white Group IV TIFF format, with the exception that Excel, multi-media (i.e., audio or video), and PowerPoint may be produced in their native format. The file format will preserve the page breaks between documents and otherwise allow identification of separate documents and their attachments. The Parties will meet and confer regarding production of any responsive, relevant electronic documents that can only be reviewed or accessed with software or other programs that are proprietary. In the event that any Party, after reviewing a document, determines that it would like the metadata of that document, that Party shall request in writing the metadata and, if available, the metadata shall be produced promptly subject to objection of counsel and ruling of the Court, as applicable. The Parties agree to meet and confer in good faith as necessary to resolve any disputes.

9. Privilege: The Parties do not anticipate any issues with regard to privileged matters; however, any such issues should be addressed on a case-by-case basis in accordance with the applicable rules.

a Expert Witnesses: The Parties propose the following disclosure schedule:

- Plaintiff's 26(a)(2)(B) Disclosures: August 17, 2026
- Defendant's 26(a)(2)(B) Disclosures: September 1, 2026
- Plaintiff's Rebuttal: September 14, 2026

10. Class Actions: Not applicable.

11. Bifurcation: The Parties see no need for bifurcation for discovery.

12. Final Pretrial Conference: October 15, 2026.

13. Trial: The Parties propose that the trial date and dispositive motions deadline should be set at the pretrial conference. Current dates counsel are unavailable following the Final Pretrial Conference are:

b Erika Jacobsen White: December 4-14, 2026 –Trial; December 21, 2026-January 1, 2027 – Pre-Planned Vacation; January 11-18, 2027 – Arbitration; March 1, 2027 – Pretrial Conference; March 8-17, 2027 – Trial; June 28-July 16, 2027 – Pre-Planned Vacation.

14. Other Matters: The parties agree to accept service of discovery via email.

15. The parties request that the Court adopt this discovery plan. Should the Court do so, the parties request that the Court waive their appearances at the Pretrial Conference scheduled for June 10, 2026, at 11:00am.

Dated: June 3, 2026

Respectfully submitted,

*/s/ Alexis Bosilovic*

Alexis Bosilovic, Bar No. 96893
abosilovic@littler.com
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW
Suite 400
Washington, District of Columbia 20006.4046
Telephone: 202.842.3400
Facsimile: 202.842.0011

*Attorneys for Defendant*